**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LEE MITCHELL JOHNSON,**

    **Plaintiff,**

vs.                                      Case No.: 4:22-cv-00412-MW-MAF

**LT. MCKINNEY,**
**et al.,**

    **Defendants.**

_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff's latest filling is entitled "Plaintiff's Notice to Court that He is Not Receiving Court Notices." ECF No. 24. The Court liberally construes Plaintiff's filling as a request for copies of certain court documents, a motion seeking the appointment of counsel, and as a motion for injunctive relief. ECF No. 24. Plaintiff's requests are due to be denied. Each issue is addressed in turn.

**I.   Plaintiff's Request for Copies**

Plaintiff claims that, due to the interference of prison officials, he did not receive certain documents filed in this case, namely, ECF Nos. 12, 16, 17, and 10. ECF No. 24. These assertions are frivolous. Plaintiff previously admitted he received the Court's order, ECF No. 12, which ordered him to

file copies of his amended complaint for service. See Plaintiff's filings at ECF Nos. 16 and 19. As for Plaintiff's assertion that he did not receive from the Court filings ECF Nos. 16 and 10, that claim is insupportable because they are Plaintiff's *own* filings.[1] Plaintiff is responsible for keeping copies of his filings. As to Plaintiff's inquiry relating to ECF No. 17, the five-page court order directed the United States Marshal Service to serve the operative complaint upon Defendants.

If Plaintiff wants copies of any documents filed in his case, he may submit a written request to the Clerk of Court, along with the docket entry number, and payment for the copies, which is $.50 per page. The Court will not absorb the expense for multiple copies of documents or court orders which may have been lost or otherwise destroyed. To the extent Plaintiff asks the Court for any copies of ECF Nos. 12, 16, 17, and 10, the request is DENIED.

## II. Plaintiff is Not Entitled to the Appointment of Counsel

This is Plaintiff's third request for the appointment of counsel. The Court previously denied Plaintiff's requests. See ECF Nos. 5, 15, 21. For the

---

[1] In ECF No. 16, Plaintiff noticed the Court that he was unable to comply with the Court's order to file copies of his operative complaint for service because officials threw his only copy of complaint in the trash. The operative complaint is found at ECF No. 10.

Case No.: 4:22-cv-00412-MW-MAF

same reasons as previously stated by the Court, Plaintiff is not entitled to the appointment of counsel. Id. Defendants have not yet been served in this case. Moreover, Plaintiff has not made a genuine effort to secure counsel himself and has not demonstrated that exceptional circumstances warrant the appointment of counsel.

### III. Plaintiff's Attempt to Seek a Temporary Restraining Order

This is Plaintiff's third attempt to seek a temporary restraining order. Defendant McKinney told Plaintiff that all Plaintiff's legal and personal mail is read by McKinney and Lieutenant Akin; and any mail related to the instant lawsuit would be "lost." ECF No. 24, p. 2. Akin is not a party to this action. Plaintiff also claims that McKinney and "the other defendants" are taking his legal work and supplies. Id. Plaintiff gets his writing materials from another inmate. Id. Plaintiff asks the Court for "any assistance it deems fit to resolve the issues" or "whatever action it deems fit to prevent the Defendants from further interfering and retaliating against him." Id., pp. 4-5.

A. Preliminary Injunction Standard

In order for Plaintiff to be entitled to a preliminary injunction, he must show: (1) a substantial likelihood of success on the merits; (2) that the order is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the order would cause to the non-movant; and (4)

that the order would not be adverse to the public interest. DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011). A preliminary injunction is considered an extraordinary and drastic remedy and, as such, is not granted unless Plaintiff can clearly satisfy the burden of persuasion as to each of the four prerequisites. Id. Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir. 2012).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit can be reviewed. All Care Nursing Service v. Bethesda Memorial Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989). Therefore, the relief sought in the motion must be closely related to the conduct. The persons from whom the injunctive relief is sought must be a party to the underlying action. See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842 (11th Cir. 1995). A showing of irreparable harm is "the sine qua non of injunctive relief." Northeastern Florida Chapter of Ass'n of Gen. Contractors of Amer. V. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990).

The Court need not address each of the four requirements for injunctive relief. It is sufficient that Plaintiff cannot meet all of them. See United States v. Jefferson Cnty, 720 F.2d 1511, 1519 (11th Cir. 1983).

B. <u>Plaintiff is Not Entitled to a Temporary Restraining Order</u>

Plaintiff essentially seeks a temporary restraining order without notice to the Defendants in this case. Pursuant to Fed. R. Civ. P. 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

This Court does not take the allegations lightly. However, no Defendant has been served with Plaintiff's complaint; and Plaintiff seeks injunctive relief without notice. Plaintiff continues his attempts to proceed in this case via motions for temporary restraining orders alleging new violations (<u>see</u> Plaintiff's prior motions for injunctive relief and the Court's denial, ECF Nos. 13, 14, 15, 21). This is not permissible.

It is worth noting, Plaintiff did not allege that he exhausted his administrative remedies prior to presenting these latest allegations. Although Plaintiff did not list any dates for the alleged violations, it is unlikely his claims of interference with his legal mail are exhausted. Plaintiff may have a valid

Case No.: 4:22-cv-00412-MW-MAF

grievance, which he could submit to the prison and appeal to the FDOC if necessary. Congress implemented an exhaustion requirement to allow correctional officials time and opportunity to address complaints before prisoners present them to federal courts. Porter v. Nussle, 534 U.S. 516, 525 (2002). Exhaustion includes the process of appealing grievances. Allowing inmates to bring unexhausted claims for injunctive relief to federal court bypasses the intent of Congress. Claims that have not been exhausted may not be considered. See Jones v. Bock, 549 U.S. 199, 220 (2007). Exhaustion is mandatory. Ross v. Blake, 136 S. Ct. 1850, 1857 (2016).

    The claims raised by Plaintiff do not present such a grave emergency that could be said to render the exhaustion requirement futile. Even if Plaintiff's administrative remedies were exhausted, Plaintiff is not entitled to relief because Plaintiff only names McKinney and Akin, a non-party, but wants a restraining order against all Defendants. See In re Infant Formula Antitrust Litig., MDL 878, 72 F.3d at 842. A restraining order against persons not named in the motion and to which no acts or omissions are attributed would be unjustified. Most importantly, Plaintiff does not demonstrate that any immediate or irreparable injury, loss, or damage will result if his motion for injunctive relief were denied. Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Amer., 896 F.2d at 1285.

Case No.: 4:22-cv-00412-MW-MAF

## IV.     Conclusion and Recommendation.

1. It is **ORDERED** that Plaintiff's request for copies and Plaintiff's Motion for the Appointment of Counsel is **DENIED WITHOUT PREJUDICE**. The remainder of Plaintiff's motion is deferred to the presiding district judge.

2. It is respectfully **RECOMMENDED** that Plaintiff's request for a temporary restraining order and injunctive relief, ECF No. 24, be **DENIED.**

IN CHAMBERS at Tallahassee, Florida on February 27, 2023.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).