**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LEE MITCHELL JOHNSON,**

      **Plaintiff,**

**vs.**                          **Case No.: 4:22-cv-00412-MW-MAF**

**LT. MCKINNEY,
et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff's latest filing is entitled "Plaintiff's Notice to Court of Retaliation by Defendants." ECF No. 32. The Court liberally construes Plaintiff's "Notice" as a fourth request for a temporary restraining order under Fed. R. Civ. P. 65(b)(1).[1] For the reasons stated below, the request for a temporary restraining order should be denied. A limited discussion of Plaintiff's allegations and the procedural posture of the case is warranted.

## I.   Background

### A. Plaintiff's Operative Complaint, ECF No. 10

Plaintiff alleged that, between September 2 and September 29, 2022,

---

[1] Plaintiff's filings are construed as motions for temporary restraining orders because Defendants have not yet been served in this case.

six Florida State Prison (FSP) officials orchestrated and participated in an ongoing campaign of retaliation against him for filing prior civil rights lawsuits against prison officials. See ECF No. 10. Plaintiff alleged retaliation, physical abuse, and the denial of medical treatment and food in violation of the Eighth Amendment. Id. Plaintiff named Lt. McKinney, Sgt. Prock, Sgt. Tyre, Sgt. Fowler, Officer J. Manning, and Sgt. Atterberry. Id., pp. 1-11. Plaintiff seeks compensatory and punitive damages. Id., p. 15.

B. Procedural Posture of the Case

The Court found Plaintiff's amended complaint legally sufficient and, on March 7, 2023, issued an order directing service upon Defendants.[2] ECF Nos. 12, 28. In the interim, Plaintiff filed several motions for a temporary restraining order. The allegations were considered; and some were denied.[3] On February 27, 2023, the undersigned issued a Report recommending Plaintiff's last request for a temporary restraining order be denied. ECF No. 26. The Report remains pending. The instant "Notice," filed less than one week after the Court directed service, is Plaintiff's fourth attempt to seek a

---

[2] Because Plaintiff is proceeding *in forma pauperis*, he is entitled to have the United States Marshal Service serve his complaint upon the Defendants. See 28 U.S.C. § 1915(c) and Fed. R. Civ. P. 4(c)(2(B)(i).

[3] Two of the motions for temporary injunctive relief were denied. See ECF No. 5, 21.

Case No.: 4:22-cv-00412-MW-MAF

temporary restraining order against the Defendants and other non-parties when no one has been served in this case. ECF No. 32.

## II.    Plaintiff's "Notice," ECF No. 32

In the motion, Plaintiff alleges he is subjected to abuse not only by Defendants but by other correctional officials who are involved in the retaliation campaign. ECF No. 32. In the notice, Plaintiff alleges Defendants Prock, McKinney, Manning, and Tyre continue to retaliate against him with physical assaults, threats, and denying him meals. Id. Plaintiff alleges the same against certain prison officials who are non-parties to this case: Officer Gonzalez, Lieutenant Akim, Officer Hollman, and Officer White. Id. The series of events occurred between January 26 and March 8, 2023.

On January 26, Prock entered his cell, punched Plaintiff in the face, and said, "If [you] keep writing grievances [you're] a dead man." Id., p. 2. On January 27, Gonzalez (a non-party) came to Plaintiff's cell, put him in a chokehold, and said, "Prock said if you write another grievance you['re] gonna die." Id. On February 2, Plaintiff was in his cell in restraints when Prock came in, punched Plaintiff in the face, kicked him, and threatened, "Your legal calls, law[]suits, grievances won't save you. Stop writing grievances or I'm gonna kill you." Id. On February 14, White (a non-party) punched Plaintiff in the face three times and said, "Lieutenant McKinney told me to tell you

Case No.: 4:22-cv-00412-MW-MAF

that your lawsuit won't stop him from killing you." Id. On February 22, Tyre

and Gonzalez entered Plaintiff's cell and slammed him on the floor; Gonzalez

kicked Plaintiff multiple times in the stomach. Id., p. 3. Tyre said, "So you['re]

still writing grievances and now a lawsuit? Drop it or I will kill you. I['ve] been

killing inmates for years. Nothing or no one can stop me from killing you." Id.

Plaintiff claims that Prock, Manning, Tyre, Gonzalez, and Hollman are

refusing to feed him. The denial of food has resulted in Plaintiff losing weight,

though he does not say how much weight he lost or whether there are any

resulting health problems. Id. Plaintiff lists the dates and meals he missed.

Plaintiff was refused three meals on January 31 and March 8. Id., pp. 4-5.

On the other dates, he was refused one or two meals. Id. For example, on

February 1, Plaintiff only received breakfast; the next day, he received

breakfast and dinner but no lunch. Id., p. 4. Prock and Gonzalez told Plaintiff

he would not eat until he ceased filling grievances and dropped the lawsuit.

Id., pp. 4-5. Hollman told Plaintiff the same. Id., p. 5. Prock said, "there's a

lot of ways I can kill you. Starving is one of [th]em." Id. Between January 26

and March 8, Plaintiff was denied thirty-eight meals. Id., p. 6.

Plaintiff also claims he is being refused medical treatment for his

injuries from the assaults (although he does not describe any injuries, which

required medical attention). Id., p. 6. Plaintiff claims Nurse Young (a non-

party) told him he would not receive medical treatment until he stopped filing grievances. Id. McKinney, Prock, Tyre, Manning, Gonzalez, and Hollman keep confiscating Plaintiff's legal work and supplies. Id., p. 7.

Plaintiff does not seek any particular relief but states, "I don't know what if anything the Court can or will do concerning this on[]going retaliation, assaults and starving I am going through, but if nothing is done it will only be a matter of time before I am killed." Id., p. 7.

## III.   Preliminary Injunction Standard

In order for Plaintiff to be entitled to a preliminary injunction, he must show: (1) a substantial likelihood of success on the merits; (2) that the order is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the order would cause to the non-movant; and (4) that the order would not be adverse to the public interest. DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011). A preliminary injunction is considered an extraordinary and drastic remedy and, as such, is not granted unless Plaintiff can clearly satisfy the burden of persuasion as to each of the four prerequisites. Id. Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir. 2012).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit can be reviewed. All Care Nursing Service v. Bethesda Memorial Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989). Therefore, the relief sought in the motion must be closely related to the conduct. The persons from whom the injunctive relief is sought must be a party to the underlying action. See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842 (11th Cir. 1995). A showing of irreparable harm is "the sine qua non of injunctive relief." Northeastern Florida Chapter of Ass'n of Gen. Contractors of Amer. V. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990).

The Court need not address each of the four requirements for injunctive relief. It is sufficient that Plaintiff cannot meet all of them. See United States v. Jefferson Cnty, 720 F.2d 1511, 1519 (11th Cir. 1983).

## IV.   Discussion

### A. Plaintiff is Not Entitled to Temporary Restraining Orders

Plaintiff essentially seeks a temporary restraining order without notice to the Defendants in this case. Pursuant to Fed. R. Civ. P. 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable

> injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff made the statements under the penalty of perjury. Id., p. 7. Plaintiff maintains certain defendants physically assaulted him, threatened him, and refused to feed him. Plaintiff's allegations likely state a retaliation claim under the First Amendment. ECF No. 13, p. 5. To establish a First Amendment retaliation claim, a prisoner need not allege the violation of an additional separate and distinct constitutional right. Instead, the core of the claim is that the prisoner is being retaliated against for exercising his right to free speech. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). A plaintiff must allege that: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action [the disciplinary punishment] and the protected speech [the grievance]." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008).

This Court does not take the allegations in this case lightly. But no Defendant has been served with Plaintiff's complaint; Plaintiff seeks

injunctive relief without notice; and Plaintiff does not ask the Court for any specific relief. More importantly, Plaintiff does not establish that he will suffer "irreparable injury, loss or damage" if he is not granted a temporary restraining order before Defendants can be heard in this case.

Similarly, Plaintiff's assertions that Defendants refused to feed him three meals per day from January 26 through March 8, 2023, will likely fail as a separate constitutional violation under the Eighth Amendment and fail to warrant injunctive relief. ECF No. 13, p. 5. A claim alleging the deprivation of food may only rise to the level of a constitutional violation where the prisoner is denied the "minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 303 (1991). "A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required." Smith v. Sullivan, 553 F.2d 373, 380 (5th Cir. 1977).[4]

For two reasons, denial of injunctive relief as it relates to meals is not appropriate. Again, Plaintiff has not met his threshold burden showing he will suffer imminent, irreparable harm if his request is denied. Plaintiff does not provide any details about whether the denial of meals is contributing to any

---

[4] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. Prichard, 661 f.2d 1206, 1207 (1981).

Case No.: 4:22-cv-00412-MW-MAF

condition that may cause irreparable harm. In fact, Plaintiff fails to allege any physical injury, harm, or conditions that require any medical care.

Second, inmates are not entitled to a specific number of meals each day. Prisons are required to provide meals that contain "sufficient nutritional value to preserve health" but that does not entitle them to three meals per day. See Green v. Ferrell, 801 F.2d 765 (5th Cir. 1986) (setting aside the order of the magistrate judge that directed the jail to provide three meals per day); see also Talib v. Gilley, 138 F.3d 211, 214 n. 3 (5th Cir.1998) (finding it "doubtful" that prisoner missing fifty meals in five months "was denied anything close to a minimal measure of life's necessities . . . [m]issing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period."). Here, over a forty-one-day period, Plaintiff missed thirty-eight meals.

The Court takes note that Plaintiff did not allege that he has exhausted his administrative remedies prior to presenting these latest allegations. Given the dates, it is unlikely the claims are exhausted. Plaintiff certainly has valid grievances, which he could put forth to the prison and appeal to the FDOC if necessary. Congress implemented an exhaustion requirement to allow correctional officials time and opportunity to address complaints before prisoners present them to federal courts. Porter v. Nussle, 534 U.S. 516, 525

(2002). Exhaustion includes the process of appealing grievances. Allowing inmates to bring unexhausted claims for injunctive relief to federal court bypasses the intent of Congress. Claims that have not been exhausted may not be considered. See Jones v. Bock, 549 U.S. 199, 220 (2007). Exhaustion is mandatory. Ross v. Blake, 136 S. Ct. 1850, 1857 (2016).

None of the claims raised by Plaintiff in the present motions present such a grave emergency that could be said to render the exhaustion requirement futile.

B. Plaintiff Cannot Seek Relief against Non-Parties.

Injunctive relief against Gonzalez, Akim, Hollman, or White is unavailable because they are not parties to the underlying action. See In re Infant Formula Antitrust Litig., MDL 878, supra. Thus, Plaintiff's request for a temporary restraining order against them should be denied. Plaintiff will not be prejudiced by the denial of relief. If Plaintiff has valid claims against the non-parties that would entitle him to relief under Section 1983, he may choose to file a lawsuit against them after the exhaustion of his administrative remedies, subject to a separate case number and filing fee.

Case No.: 4:22-cv-00412-MW-MAF

## V.    Conclusion and Recommendation.

For the reasons stated above, it is respectfully **RECOMMENDED** that

Plaintiff's requests for a temporary restraining order and injunctive relief,

ECF No. 32, be **DENIED WITHOUT PREJUDICE.**

**IN CHAMBERS** at Tallahassee, Florida on March 17, 2023.

> **s/ Martin A. Fitzpatrick**
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).