IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LEE MITCHELL JOHNSON,**

    **Plaintiff,**

vs.                                       Case No.: 4:22-cv-00412-MW-MAF

**LT. MCKINNEY,**
**et al.,**

    **Defendants.**
_____/

## O R D E R

    Plaintiff filed a fifth motion seeking an "emergency preliminary injunction," alleging retaliation and the confiscation of his personal property and legal materials. ECF No. 68. No emergency exists. For the reasons stated below, the Court will defer ruling on the motion. A limited discussion of Plaintiff's allegations and the procedural posture of the case is warranted.

    A. Plaintiff's Operative Complaint, ECF No. 10

    Plaintiff alleged that, between September 2 and September 29, 2022, six Florida State Prison officials orchestrated an ongoing campaign of retaliation against him for filing prior lawsuits. See ECF No. 10. Plaintiff alleged retaliation, physical abuse, and denial of medical care and food. Id. Plaintiff seeks compensatory and punitive damages. Id., p. 15.

B. Procedural Posture of the Case

The Court found Plaintiff's amended complaint legally sufficient and issued an order directing service.[1] ECF Nos. 12, 28. In the interim, Plaintiff filed several motions for a temporary restraining order presenting new allegations of retaliation. ECF Nos. 13, 14, 24, and 32. The Court considered the allegations and denied relief. ECF Nos. 21, 26, 37, 50. Defendants were served with Plaintiff's complaint and filed a motion to dismiss, which is pending. ECF No. 64. Plaintiff's response is due **July 24, 2023**. ECF No. 66.

C. Plaintiff's Motion for Injunctive Relief, ECF No. 68

Plaintiff states that he was transferred temporarily on May 12, 2023, and was returned to Florida State Prison on June 9, 2023, with all his legal materials and personal property. Id., pp. 1-2. According to Plaintiff, he was brought to intake and Defendant Atterberry threw all of the property into a dumpster in retaliation for filing the instant lawsuit. Atterberry then escorted Plaintiff to a cell in full restraints, punched Plaintiff in the head, slammed him onto the bed, and choked him saying, ". . . drop the lawsuit on me or I'm gonna kill you." Id., p. 3. Plaintiff was refused medical attention. Plaintiff

---

[1] Because Plaintiff is proceeding *in forma pauperis*, he is entitled to have the United States Marshal Service serve his complaint upon the Defendants. See 28 U.S.C. § 1915(c) and Fed. R. Civ. P. 4(c)(2)(B)(i).

claims he suffered severe neck pain, stomach pain, and swelling to the left side of his head but he was refused medical treatment. Id.

Plaintiff alleges that all prison staff, including Sgt. Knowles and Lt. Wendorff, are interfering in the grievance process and will not give him forms or process his grievances. Id. Knowles and Wendorff and the entire prison staff are not parties to this action. As relief, Plaintiff wants his personal property and legal materials returned to him; and he seeks a restraining order against Atterberry. Id., p. 4.

D. Plaintiff's Latest Claims are Not Exhausted

In previous orders, the Court explained to Plaintiff the standard he must show to be entitled to a preliminary injunction. See ECF Nos. 15, 24, 26, and 33. In order for Plaintiff to be entitled to a preliminary injunction, he must show: (1) a substantial likelihood of success on the merits; (2) that the order is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the order would cause to the non-movant; and (4) that the order would not be adverse to the public interest. DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011). Plaintiff needs to do more than simply allege new forms of retaliation or an assault.

This Court does not take the allegations in this case lightly but takes notice that Plaintiff has not exhausted his administrative remedies prior to

presenting these latest allegations. Congress implemented an exhaustion requirement to allow correctional officials time and opportunity to address complaints before prisoners present them to federal courts. <u>Porter v. Nussle</u>, 534 U.S. 516, 525 (2002). Exhaustion includes the process of appealing grievances. Allowing inmates to bring unexhausted claims for injunctive relief to federal court bypasses the intent of Congress and may not be considered. <u>See</u> <u>Jones v. Bock</u>, 549 U.S. 199, 220 (2007). Exhaustion is mandatory. <u>Ross v. Blake</u>, 136 S. Ct. 1850, 1857 (2016). The Court notices that Plaintiff filed a motion for an extension of time to respond to the motion to dismiss at the same time he filed this motion for injunctive relief. ECF No. 67. Plaintiff stated he needed additional time because, in part, he is waiting for "property" to respond to his grievance; and he may need to appeal it. <u>Id.</u>

      This case is about the events that occurred during September 2022 and cannot be transformed into a running continuum of new allegations committed by prison staff as they occur during the course of this case. Those claims may be brought in separate civil actions following the exhaustion of administrative remedies – subject to new case numbers and separate filling fees. More importantly, none of the claims raised by Plaintiff in the present motion present such a grave emergency that would render the exhaustion requirement futile.

Case No.: 4:22-cv-00412-MW-MAF

E. <u>Plaintiff Cannot Seek Relief against Non-Parties.</u>

Injunctive relief against all prison staff or individuals not parties to this case is unavailable. <u>See</u> <u>In re Infant Formula Antitrust Litig., MDL 878</u>, <u>supra</u>. If Plaintiff has valid claims against non-parties that would entitle him to relief under Section 1983, he may choose to file a lawsuit against them after the exhaustion of his administrative remedies, subject to a separate case number and filing fee.

Accordingly, it is

**ORDERED**:

1. The Court will temporarily **<u>DEFER</u>** ruling on Plaintiff's Motion for Emergency Preliminary Injunction, ECF No. 68, and will address the motion in due course and in conjunction with its decision on Defendants Motion to Dismiss (ECF No. 64).

2. Plaintiff's Response to Defendant's Motion to Dismiss remains due no later than **<u>July 24, 2023</u>**.

**IN CHAMBERS** at Tallahassee, Florida on June 27, 2023.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No.: 4:22-cv-00412-MW-MAF