UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEE M. JOHNSON
Plaintiff

V                                   CASE NO. 422-CV-00412-MW-MAF

LT. MCKINNEY, et
Defendants

PLAINTIFF JOHNSON'S OBJECTIONS
TO MAGISTRATE'S REPORT AND RECOMMENDATION

The Plaintiff, LEE M. JOHNSON, PRO-SE files this his Objection The The Magistrates Report And Recommendation Pursuant To Rule 72(b)(2) of The Fed. R. of Civ Proc. And Will state the following in support thereof

1. On February 29 2024 Magistrate Judge Martin A Fitzpatrick file his Report And Recommendation To Dismiss his complaint for failure to exhaust Administrative Remedys

FILED USDC FLND TL
MAR 11 '24 PM 4:36

2. Plaintiff contends that Administrative Remedies for the incidents in this complaint were not available to him due to the Defendants actions and threats to Plaintiff.

See Kaba v. Stepp, 458. F.3d 678 (7th cir 2006) A credible threat of retaliation may excuse failure to exhaust administrative remedies

See Also Turner v. Burnside, 541 ~~~~ 1077 (11th cir 2008), stating the same thing.

Plaintiff states whats more credible a threat then being beaten by Lietenant Mckinney why being told not to write grievances?

Whats more credible a threat then being choked by SGT Tyre while being threatened?

Whats more credible a threat then being not fed by Defendants Tyre and Fowler while being threatened?

If Those Are NOT Credible Threats. Then what is?

3. Defendants claim Plaintiff filed MANY Grievances During This Period of Abuse. But what Defendants Don't Tell The Court was That All These Grievances was for <u>NON Abusive Issues.</u> That still Subjected Plaintiff To further Abuse from Defendants

4. When Plaintiff Did Start filing Grievances Relating To These Incidents. Plaintiffs Grievances of staff Abuse Were NOT Being Processed or Answered. Because The Grievance Coordinator "<u>April McGregor</u> is well Known for "Throwing Away Grievances of Staff Abuse from Known Sex Offenders. which Also Rendered Administrative Remedies UNAvailable.

See <u>Andres V. Marshall</u>, 867. F.3d 1076 (4th cir 2017, Excessive force Case can Continue Because Officials failure To Respond To Prisoners Grievance And Appeal Rendered The Administrative Remedies effectively Unavailable.

See also <u>Haight v. Thompson</u>, 763 F.3d 554, 561, (6th Cir 2014, Administrative Remedies exhausted when Prison officials failed to respond to Grievances.

It should also be noted that at the evidentiary hearing the Defendants 2 witnesses of Grievance coordinators were both from other facilitys other then F.S.P. where the incidents of abuse took place. This is because the Grievance coordinator at Florida State Prison is the subject of <u>multible law suits for failing to Process Grievances And Retaliation</u> at Florida State Prison and Defendants knew that if they put <u>April McGregor</u> on the stand under oath that she would be questioned of these law suits.

The fact that Defendants would bring two Grievance coordinators from prisons over a <u>100 miles</u> away instead of bring their own Grievance coordinator to testify of the <u>Grievance Process should raise some concern with the court, that Defendants have something to hide.</u>

And since the grievance process at Florida State Prison is the subject of this case Plaintiff should have the opportunity to cross examine the grievance coordinator from Florida State Prison and not two other grievance coordinators from other prison that are not the subject of this case and have no knowledge of what goes on at Florida State Prison

Just that fact alone is ripe grounds for <u>Appeal</u> should this case be dismissed.

5. Plaintiff should have been appointed counsel for the evidentiary hearing. As the Plaintiff really had no idea how to conduct or deal with this hearing, nor could Plaintiff do any research on such because he is on 24 hour a day lock down with no access to a law library or law books of any kind.
Nor was Plaintiff given time to prepair even if he could have, because Plaintiff did not receive notice of the evidentiary hearing of February 5 2024 untill January 23 2024
All Plaintiff has is a 2010 copy of the "Jail House Lawyers Handbook" and a few case law citations other inmates have given him. None of which cover anything about evidentiary hearings

And Plaintiff was put in transit on January 26 2024
Then Plaintiff's education level is that of the 6th Grade. And for Plaintiff this Hearing was a Complex Issue That did Require Him To Identify And Present evidence And Cross examine Witnesses.

Please See. McCaa V. Hamilton 893, F.3d 1027 (7th Cir 2018. District court erred in Denying Prisoners motion for Appointment of Counsel when court failed To Consider Prisoners Assertions that he was Unable to Identify And Present evidence due to Mental Illness, Low Education And Segregation Status

And Plaintiff Did Claim These Issues in Motion To Appoint Counsel Just for The Evidentiary Hearing on January 25 2024 Which Magistrate Fitzpatrick Denied And Told Plaintiff So At The Evidentiary Hearing on february 5 2024.

So Plaintiff was forced To Go Through This evidentiary Hearing Uneducated, Unprepaired, without Relevent evidence. And without The Knoweledge of even What A evidentiary Hearing Is, All While The Defendants counsel Had Time To Prepair Gather evidence, Call Witness And A Vast Amount of experience of how To Conduct Them selfs in A evidentiary Hearing

6 of 15

So Due To Plaintiff's Lack of Knowledge, Low education Level, INAbility To PrePair or GAther evedence, LAck of Access To A LAW LibrAry, 24 Hour - SegregAtion, And INAbility T Retain counsel in The Very short Time Plaintiff WAS Given Notice of This evidentiary Hearing, Plaintiff's motion To APPoint counsel JUST for The Evidentiary Hearing Should HAve Been Granted See "HAMilton AT 893, F.3d. 1027 (7th cir 2018)

6. AT This Evidentiary Hearing Plaintiff WAS SCAred, IN fear, Confused, Not even Really Knowing What To Do Because every Time Plaintiff Had To Look AT one of The Defendants he Would Relive The Abuse he Suffered At Their HAnds Plus Plaintiff Knowing His case could Be Dismissed Thus Giving The Defendants The OK That They could continue Their Actions unimpedded IN fact on fedruary 9 2024 when Plaintiff Returned To FloridA stAte Prison, 2 Defendants SGT Atteberry And officer MANNING Took Plaintiff To The "INtAke Shower AreA And slapped And Choked Plaintiff And Told Him That As soon As The LAW Suit WAS Dismissed They Would Kill Him

And Yes Plaintiff Did file Grievances about This Assault BUT They WAS Never Processed Because The Grievance Coordinator "APRIL McGREGOR" Does NOT Process Grievances of STAFF ABUSE from Known "SEX OFFENDERS"

It should Be Noted Also That The Grievance Coordinator for Florida State Prison IS A fellow CORRECTIONS OFFICER Where AS At ALL other INSTITUTIONS within F.D.O.C. The Grievance Coordinators Are CIVILIANS

This is The SAME CORRECTIONS OFFICER/ GRIEVANCE COORDINATOR That The DefendAnts DidN'T WANT At The EVIDENTIARY Hearing, even Though she was The The Subject of, Because Plaintiff Claims That when he Did STArt Filing Grievances OF ABUSE BY STAFF That Those Grievances Were NOT Being Processed / No ANSWered

So F.S.P.'s Grievance Coordinator should HAVE Been AT The EVIDENTIARY Hearing To 1. Refute Plaintiff's Claims And 2. To ALLow Plaintiff The opportunity To Question her in Regards To The Grievances That Were Not Responded To, Instead of a Grievance Coordinators That Would Have NOT KNOWledge of What Goes on At Florida State Prison.

7. The video of Lieutenant McKinney entering Plaintiffs cell on L Wing on September 28 2022 at 3:00 AM with a pair of leg-irons for no penological or security reasons at time when he assaulted Plaintiff w/ retaliation for writing a grievance on him. The one video that would have proven Plaintiffs <u>claims</u> of <u>retaliation</u>, The Defendants are <u>refusing</u> to provide and due to Plaintiffs incarceration he can not obtain on his own. But if court had appointed counsel for the evidentiary hearing, counsel would have been able to obtain this absolute vital piece of evidence the defendants are with holding because it is very damaging to ~~B~~ ~~Rate~~ to their defense.



But the defendants know that without counsel I'll never get this video

8. As to the Magistrates finding that Plaintiff lied under oath about his medical treatment is simply not true. Again the Plaintiff was very confused during this evidentiary hearing, as to what court considered "Real" medical treatment, whereas Plaintiff took it to mean "<u>Being taken down to medical and actually receiving medical treatment for his injuries</u>"

He did not consider a nurse coming to his cell-side and just asking questions, as medical treatment, and Plaintiff has never denied speaking to mental health and some nurses about the abuse, beatings, not being fed.

But again Plaintiff was confused and did not consider this to be "Medical Treatment" because as Plaintiff has stated in his motion for appointment of counsel he filed on January 25 2024 That he had no idea of what a evidentiary hearing is or how to conduct himself & handle one. Which the Magistrate Judge wrongfully denied

IT should also be noted that during the medical treatment that Plawtiff did receive after a suicide attempt on September 7 2022. That while in the exam room where the cameras audio could not record, Plawtiff was told by nurse <u>Melody Young</u> <u>that since he's a child-molester, he would not only be beaten and starved, but that "Medical would not help him"</u>

This nurse Melody Young is married to Lieutenant Eric Young, who also told Plawtiff he would not leave F.S.P alive. That they kill child molesters So medical provided no real medical treatment other come to his cell-side. And "speak" to Plawtiff. And provide Plawtiff with a pair of eye glasses. Which has nothing to do with the incidents in this case.

Again if Plawtiff had been afforded counsel just for this evidentiary hearing, this confusion could have been avoided.

# CONCLUSION

1. For The Reasons of Retaliation, while Being Assaulted with Credible Threats That Did Make The ADMINISTRATIVE Remedies UNAVAILABLE To Plaintiff To file Grievances of STAFF ABUSE

2. The fact That when Plaintiff Did file Grievances of STAFF Abuse, Those Grievances Were Not Responded To. Again MAKING ADMINISTRATIVE Remedies UNAVAILABLE.

3. That Due To The fact A Key Witness, The Grievance coordinator "APRIL MCGREGOR" Did Not Make Her self for Plaintiff To Question At The evidentiary Hearing Because she is subject To Plaintiff's Claims of His Grievances of STAFF Abuse Not Being Responded To

4. The fact That The Defendants Are Withholding A Very Important Video evidence, That Would Prove Plaintiff's claims of Retaliation Thus MAKING ADMINISTRATIVE Remedies UNAVAILABLE The Video of September 28 2022 At 3:00 AM

5   The fact That MAGISTRATE JUDGE FITZPATRICT Did ERRer in NOT APPOINTING COUNSel for The PlAINTIFF for The EVIDENTIARY Hearing. Even Though Plaintiff ONlY HAS 6th Grade eDUCATION, could NoT Gather, Prepair or Present eVidense, Is in 24 SeGREGATION, That for UNeducated Plaintiff Who HAS NO eXPerience with or Knoweledge of WhAt A eVIDentiary Hearing is complex Which other courts HAVe AGreed That UNDer Those CONDITIONS APPoiNTMent of cousel WAS APPropriate

See McCaa v. HAMilton, 893 F.3d 1027 (7th cir 2018)

Pruitt V. Mote, 503 F.3d 647 (7th cir 2007)

MontGomery V. Pinchak, 294 F.3d 492, 499 501-05 (3rd cir 2002)

6   The fact That 2 of The DefendANTS, SGT Atteberry, And officer MANNING Assaulted And Threatened Plaintiff "That As soon As The case is Dismiss They Would Kill Plaintiff. That This Assault And Threat Took Place on February 9 2024 The DAY Plaintiff Arrived BACK At F.S.P from The eVIDENTIARY Hearing

Based on Plaintiffs Augument and Objections and Relevent Case Law citations which Plaintiff swears Are True.

The Magistrate Judge Fitzpatrick Recommendation And Report To Dismiss Plaintiffs case should be <u>overruled And Plaintiffs case be Allowed To proceed To A Jury Trial</u> To Let A Jury decide on the merits of Plaintiffs case And claims of Retaliation And Abuse by Defendants And Allow the Plaintiff To Have His Constitutional Day In Court, To Prove His case

Respectfully Submitted

*[signature]*

LEE M JOHNSON, PRO-SE

# CERTIFICATE OF SERVICE

I HEREBY Certify That I HAVE furnished A copy of The foregoing To The United States District court, Northern District of Florida, At 111 North ADAMS street, Suite 322, TAllAHAssee FloridA. 32301-7717, And counsel for The Defendants Christopher Baisden, Senior Assistant Attorney General AT PL-01 The CAPitol, TAllAHAssee, Florida 32399 Via U.S. Mail This 7 DAY of March 2024

_____

LEE M JOHNSON W40563
Florida State Prison
P.O. Box 800
Raiford, Florida 32083

15 of 15
~~14 of 15~~

LEE M. JOHNSON W70363
Florida State Prison
P.O. Box 800
Raiford, Florida 32083

**LEGAL MAIL ONLY**

**LEGAL MAIL**

CHECKED MAR 1 1 2024

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
111 NORTH ADAMS STREET, Suite 322
TALLAHASSEE, FLORIDA, 32301-7717

Mailed From A State
Correctional Institution