IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LEE MITCHELL JOHNSON,**

   *Plaintiff*,

v.                                                 Case No.: 4:22cv412-MW/MAF

**LT. MCKINNEY, et al.,**

   *Defendants***.**
_____/

## ORDER ACCEPTING AND ADOPTING
## REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 98, and has also reviewed *de novo* Plaintiff's objections, ECF No. 99.

The Magistrate Judge recommends that Plaintiff's case be dismissed with prejudice as a sanction for lying under oath and as a malicious suit. ECF No. 98 at 38. In the alternative, the Magistrate Judge recommends that Plaintiff's case be dismissed without prejudice for failure to exhaust administrative remedies. *Id.*

Plaintiff raises several objections, but they do not help his case. In short, Plaintiff disputes the factual findings made by the Magistrate Judge based on the filings and the evidentiary hearing held on February 5, 2024. This Court has reviewed the Magistrate Judge's detailed factual findings, however, and finds them

to be sound and supported by the record. And based on the Magistrate Judge's factual findings, this Court agrees that Plaintiff lied under oath and his case should be dismissed with prejudice as a sanction and as "malicious" under 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff engaged in contumacious conduct—namely, lying under oath repeatedly—and this Court finds that no lesser sanction will suffice to safeguard the integrity of this proceeding and future proceedings. *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (holding that district court did not err in dismissing a plaintiff's case with prejudice as a sanction for his repeated lies and deception). Accordingly, Plaintiff's suit is due to be dismissed with prejudice as a sanction under Federal Rule of Civil Procedure 41 and as "malicious" under 28 U.S.C. § 1915(e)(2)(B)(i).

As for the exhaustion issue, this Court has reviewed the Magistrate Judge's detailed factual findings and finds them to be sound and supported by the record. Under the second step of the exhaustion analysis set out in *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008), Plaintiff did not exhaust his administrative remedies prior to filing this suit. Accordingly, in the alternative to the sanction set out above, Plaintiff's suit is due to be dismissed without prejudice for failure to exhaust his administrative remedies under 28 U.S.C. § 1997(e).

**IT IS ORDERED**:

1. The report and recommendation, ECF No. 98, is **accepted and adopted**, over Plaintiff's objections, as this Court's opinion.

2. Defendant's motion to dismiss, ECF No. 64, is **GRANTED**.

3. Plaintiff's motion for injunctive relief, ECF No. 68, is **DENIED as moot**.

4. The Clerk shall enter judgment stating, "Plaintiff's amended complaint, ECF No. 10, is **DISMISSED with prejudice** as a sanction under Federal Rule of Civil Procedure 41 and as "malicious" under 28 U.S.C. § 1915(e)(2)(B)(i) because he willfully lied under oath throughout the evidentiary hearing held February 5, 2024. In the alternative, Plaintiff's amended complaint, ECF No. 10, is **DISMISSED without prejudice** for failure to exhaust his administrative remedies under 28 U.S.C. § 1997(e)."

5. The Clerk shall note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and counts as a strike.

6. The Clerk shall close the file.

**SO ORDERED on March 15, 2024.**

s/Mark E. Walker  
**Chief United States District Judge**
